1
2
3
4
5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

6
7

ALEXANDER M.,

8

Plaintiff,

9

v.

10

COMMISSIONER OF SOCIAL SECURITY,

11

Defendant.

12

Case No. C22-1622 RSM

**ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING
FOR FURTHER PROCEEDINGS**

13        Plaintiff seeks review of the denial of his applications for child disability insurance

14  benefits under Title II and Supplemental Security Income (SSI) under Title XVI of the Social

15  Security Act.  Plaintiff contends the ALJ erred by failing to address lay witness testimony,

16  misevaluating the medical opinion evidence, and determining a residual functional capacity

17  (RFC) that is not supported by substantial evidence.  Dkts. 10, 21.  Plaintiff further contends new

18  evidence submitted to the Appeals Council undermines the ALJ's determination that Plaintiff is

19  not disabled.  Dkt. 10.  As discussed below, the Court **REVERSES** the Commissioner's final

20  decision and **REMANDS** the matter for administrative proceedings under sentence four of 42

21  U.S.C. § 405(g).

22                                      **BACKGROUND**

23        Plaintiff is 30 years old, has at least a high school education, and does not have past

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 1

relevant work. Admin. Record (AR) 33. On March 27, 2015, Plaintiff applied for child disability insurance benefits and received an unfavorable determination in September 2015. AR 17, 254. On September 17, 2018, Plaintiff filed for SSI benefits, alleging disability as of January 1, 2011, but Plaintiff's application was denied at both the initial and reconsideration levels. AR 115–136. Plaintiff filed a disability insurance benefits claim in November 2018, but it was denied and Plaintiff did not appeal the decision. AR 209–12, 283–84.

ALJ Van Vleck conducted a hearing in August 2021, where Plaintiff requested to reopen his 2015 child disability insurance benefits application. AR 73–74. The ALJ granted Plaintiff's request and issued a decision in October 2021, finding: (1) Plaintiff not disabled from his amended alleged onset date of January 1, 2013, through February 9, 2015, the date Plaintiff attained the age of 22, based on his child disability insurance benefits application, and (2) Plaintiff not disabled from his alleged onset date through the date of the ALJ's decision based on his SSI application. AR 13–35, 390. In evaluating the medical opinion evidence for both applications, the ALJ applied the supportability and consistency factors under 20 C.F.R. §§ 404.1520c(c), 416.920c(c). AR 26–28. Plaintiff submitted new evidence and requested review of the ALJ's decision, but the Appeals Council found the evidence did not provide a basis for changing the ALJ's decision. AR 1–6.

The parties completed their briefing for this case on May 17, 2023. *See* Dkts. 10–17. On May 25, 2023, the Court granted Defendant's unopposed motion to stay the proceedings through June 7, 2023, so the parties could pursue settlement negotiations. Dkt. 19. On June 7, 2023, Defendant filed a motion to remand for further proceedings. Dkt. 20. Plaintiff submitted a response to Defendant on June 26, 2023, requesting the Court to remand for an award of benefits. Dkt. 21.

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 2

1

**DISCUSSION**

2          The Court may reverse the ALJ's decision only if it is legally erroneous or not supported

3    by substantial evidence of record.  *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020).  The Court

4    must examine the record but cannot reweigh the evidence or substitute its judgment for the

5    ALJ's.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  When evidence is susceptible to

6    more than one interpretation, the Court must uphold the ALJ's interpretation if rational.  *Ford*,

7    950 F.3d at 1154.  Also, the Court "may not reverse an ALJ's decision on account of an error

8    that is harmless."  *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

9          1.       **Lay Witness Testimony**

10         Plaintiff contends the ALJ erred by declining to evaluate testimony provided by his father

11   and mother.  Dkt. 10 at 4–8.

12         Plaintiff's father submitted a function report in November 2018 and stated Plaintiff is

13   only able to concentrate for short periods of time, has severe mood swings, can act very

14   aggressively, frequently has nightmares, believes he sees demons and apparitions, cannot

15   manage self-care, and handles stress and changes in routine poorly.  AR 299–306.  Plaintiff's

16   mother submitted a declaration in December 2020 stating Plaintiff has a history of mental health

17   problems and drug and alcohol abuse.  AR 362–64.  She stated Plaintiff's temperament is

18   "exceedingly unstable" but tends to be less volatile when taking his medication.  AR 365–66.

19         In her decision, the ALJ stated she is not "required to articulate how evidence from non-

20   medical sources is considered or evaluated, such as . . . lay witness statements, in the same way

21   [she] evaluate[s] medical opinion," and made no specific findings regarding the statements of

22   Plaintiff's parents, stating only that she considered it with the rest of the other evidence.  AR 27–

23   28.

1    The question of how the revised regulations impact an ALJ's obligations regarding lay

2    witness testimony has yet to be addressed by the Ninth Circuit.  However, as Defendant points

3    out, even if the ALJ's omission was erroneous, such error would not be a basis for remand.  Dkt.

4    16 at 4.  The statements from Plaintiff's father and mother were substantially similar to

5    Plaintiff's testimony, which the ALJ did not find credible because it was inconsistent with

6    medical evidence showing Plaintiff's symptoms had improved and were maintained "with

7    sustained adherence to prescribed treatment."  *See* AR 23–25.  Evidence that medical treatment

8    helped a claimant "'return to a level of function close to the level of function they had before

9    they developed symptoms or signs of their mental disorders' . . . can undermine a claim of

10   disability."  *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) (quoting 20 C.F.R. pt.

11   404, subpt. P, app. 1 (2014)).  Plaintiff did not challenge the ALJ's rejection of his testimony,

12   therefore the ALJ's credibility finding extends to the similar statements provided by Plaintiff's

13   father and mother.  *Molina*, 674 F.3d at 1114 (finding an ALJ's failure to address lay witness

14   testimony harmless error if the ALJ gave valid reasons to reject a claimant's testimony and the

15   lay witness testimony is similar to the claimant's testimony); *Valentine v. Comm'r Soc. Sec.*

16   *Admin.*, 574 F.3d 685, 694 (9th Cir. 2009).  Therefore, the Court finds the ALJ's failure to

17   address the statements of Plaintiff's father and mother harmless.  However, as further discussed

18   below, the new evidence submitted by Plaintiff to the Appeals Council indicates the ALJ's

19   findings regarding the improvement and stability of Plaintiff's symptoms are no longer supported

20   by substantial evidence.

21       **2.      Medical Opinion Evidence**

22       Plaintiff contends the ALJ erred in evaluating the medical opinions of Dr. Clune and Dr.

23   Eveillard.  Dkt. 10 at 11–15.

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 4

For applications filed after March 27, 2017, ALJs must "articulate how [she] considered the medical opinions" and "how persuasive [she] find[s] all of the medical opinions" by considering their supportability, consistency, relationship with the claimant, specialization, and other factors. 20 C.F.R. §§ 404.1520c(c), 416.920c(c). The ALJ is specifically required to consider the two most important factors, supportability and consistency. 20 C.F.R. §§ 404.1520c(a), 416.920c(a). The supportability factor requires the ALJ to consider the relevance of the objective medical evidence and the supporting explanations presented by the medical source to justify their opinion. 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). The consistency factor involves consideration of how consistent a medical opinion is with the other record evidence. 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2). Further, under the new regulations, "an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Woods v. Kijakazi*, 32 F.4th 785, 791 (9th Cir. 2022).

### a.   Dr. Clune

Dr. Clune examined Plaintiff and completed a psychiatric evaluation in October 2019, finding Plaintiff's ability to perform various work functionalities, maintain regular attendance, and interact with coworkers ranged from adequate to limited. AR 671–76. The ALJ found Dr. Clune's opinion "generally persuasive" because it was supported by the results of her own examination showing Plaintiff was cooperative with good eye contact, performed well on his concentration exam, had good insights, and displayed no deficits in his abstract thinking. AR 27 (citing AR 674–75). Plaintiff's largely normal presentation during his evaluation does not necessarily support Dr. Clune's opinion regarding his ability to attend work regularly and function and interact with others in a workplace setting. Therefore, the Court cannot say this was

a reasonable evaluation by the ALJ.  Plaintiff's presentation at the evaluation also fails to speak

to Plaintiff's condition during the relevant period for his child disability insurance benefits claim.

The ALJ also found Dr. Clune's opinion persuasive because it was consistent with other

evidence which show no "material increase" in Plaintiff's mental symptoms since Dr. Clune

completed the evaluations.  AR 27.  The evidence the ALJ relied on include recent mental

assessments showing Plaintiff's mood continuously was stable, his thought process organized

with good insight and judgment, and no reports of hallucinations, delusions, or paranoia.  AR

857, 861, 865, 869.  The evidence cited by the ALJ does indicate Plaintiff's symptoms had

stabilized or improved, but because they are from 2020 and 2021, the Court finds the ALJ's

finding is proper only as to Plaintiff's SSI claim.  *See Carmickle v. Comm'r, Soc. Sec. Admin.*,

533 F.3d 1155, 1165 (9th Cir. 2008) (finding medical opinion outside of the relevant period "of

limited relevance").  Therefore, the Court finds the ALJ partially erred in finding Dr. Clune's

opinion persuasive.

### b.    Dr. Eveillard

Plaintiff's treating physician, Dr. Eveillard, completed a questionnaire in February 2021

and opined Plaintiff has moderate limitations with understanding, remembering, or applying

information, and adapting or managing himself.  AR 832.  Dr. Eveillard also opined Plaintiff has

marked limitations with interacting with others, and concentrating, persisting, or maintaining

pace.  *Id*.  Dr. Eveillard further opined that based on Plaintiff's mental impairments, Plaintiff

would be absent from work two to three days a month and perform a job with less than 80

percent efficiency.  *Id*.

The ALJ first rejected Dr. Eveillard's opinion because it was presented in a check box

form "with little rationale" besides Plaintiff's diagnoses and prescriptions.  AR 27.  The ALJ's

1    limited focus on the contents of the questionnaire itself is not a valid reason to reject Dr.

2    Eveillard's opinion, given Dr. Eveillard has been Plaintiff's treating physician since 2015 and

3    therefore would have had access to objective medical evidence and treatment notes that could

4    have served as the bases for his opinion.  In fact, Dr. Eveillard referred to his last treatment with

5    Plaintiff in the questionnaire to explain the severity of Plaintiff's impairments and symptoms.

6    AR 833.  A proper evaluation of Dr. Eveillard's opinion would have included not just Dr.

7    Eveillard's answers on the questionnaire, but also his underlying treatment records, therefore the

8    Court cannot say the ALJ reasonably found his opinion lacked supportability.  *See Garrison v.*

9    *Colvin*, 759 F.3d 995, 1013 (9th Cir. 2014) (finding error when an ALJ rejects an opinion in a

10   check-box form when the ALJ fails to recognize that the opinion is based on a physician's

11   "significant experience" with a claimant and is supported by numerous records).

12         In further rejecting Dr. Eveillard's opinion, the ALJ also pointed to Dr. Eveillard's own

13   statement in the questionnaire that he had not seen Plaintiff since July 2018 and Plaintiff's mood,

14   behaviors, and mental capacity were "stable" that during that time.  AR 27, 833.  However, the

15   ALJ ignores the rest of Dr. Eveillard's statement, namely that Plaintiff's impairment had not

16   been resolved.  Therefore, in rejecting Dr. Eveillard's opinion based on its supportability, the

17   ALJ erred.  *See* AR 833.

18         The ALJ also rejected Dr. Eveillard's opinion because it was inconsistent with recent

19   treatment records showing Plaintiff's symptoms improved from medication.  AR 27.  The ALJ's

20   assessment of the record is supported by substantial evidence only as to Plaintiff's SSI claim

21   because the cited treatment notes show Plaintiff's mood was continuously stable, his thought

22   process organized with good insight and judgment, and no reports of hallucinations, delusions, or

23   paranoia are from 2020 and 2021.  *See* AR 857, 861, 861, 865, 869.  The ALJ does not explain

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 7

how these recent findings would apply to Plaintiff's condition during the relevant period for his child disability insurance benefits claim. The Court, therefore, finds the ALJ partially erred in rejecting Dr. Eveillard's opinion.

### 3.     Residual Functional Capacity

Plaintiff contends the ALJ's determination of Plaintiff's RFC is erroneous. Dkt. 10 at 15–17. The ALJ determines a claimant's RFC "based on all of the relevant medical and other evidence." 20 C.F.R. § 404.1545. The Court has found the ALJ erred in evaluating the medical opinions of Dr. Clune and Dr. Eveillard regarding Plaintiff's child disability insurance benefits claim. As such errors adversely affect the ALJ's RFC determination, on remand the ALJ must reassess Plaintiff's RFC. *Valentine*, 574 F.3d at 690 ("an RFC that fails to take into account a claimant's limitations is defective"). While the ALJ's rejection of Plaintiff's testimony based on his improvement was unchallenged and the ALJ's evaluation of the medical opinion evidence based also on Plaintiff's improvement (with regards to Plaintiff's SSI claim) was a reasonable one, as further explained below, new evidence submitted by Plaintiff to the Appeals Council indicates the ALJ's assessment of the record may no longer be supported by substantial evidence.

### 4.     New Evidence

When a claimant submits new evidence for the first time to the Appeals Council and becomes part of the record, the Court must consider it to determine whether the Commissioner's decision remains supported by substantial evidence. *See Brewes v. Commissioner of Social Security*, 682 F.3d 1157, 1160 (9th Cir. 2012). New evidence is material "if there is a 'reasonabl[e] possibility that the new evidence would have changed the outcome of the . . . determination.'" *Bruton v. Massanari*, 268 F.3d 824, 827 (9th Cir. 2001) (alterations and

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 8

1   omission in original) (quoting *Booz v. Sec'y of Health & Human Servs.*, 734 F.2d 1378, 1380

2   (9th Cir. 1984)).

3        The evidence at issue is a petition for the full guardianship and conservatorship of

4   Plaintiff, filed in July 2022 at Whatcom Superior Court by Plaintiff's mother. *See* AR 870–90.

5   Appended to the petition are the findings of a counselor who evaluated Plaintiff after he sought

6   treatment for self-inflicted burns on his arm, which resulted after he tried to "excise a dark spirit"

7   from his body." AR 878–79. The counselor observed Plaintiff exhibited "an increase in

8   behavioral symptoms," including "decreased medical compliance, increased aggressive

9   behaviors, behavioral agitation, and persistent fixed delusional beliefs with paranoid content."

10  AR 879. The counselor also observed that based on Plaintiff's mental disorder, anything less

11  than detainment would be "inappropriate." AR 879.

12       The ALJ's evaluation of Plaintiff's testimony and the medical opinion evidence relied on

13  the ALJ's interpretation of Plaintiff's improvement. AR 22–28. Because the new evidence calls

14  into question the ALJ's interpretation, the Court cannot say the ALJ's decision remains

15  supported by substantial evidence.

16       Plaintiff argues that if Dr. Eveillard's opinion is credited as true, the ALJ would have to

17  find him disabled on remand and requests this Court reverse for an immediate award of benefits.

18  Dkts. 17 at 8; 21 at 10–14. Defendant argues remanding for further proceedings, rather than for

19  an award of benefits, is necessary because Plaintiff failed to raise the "credit-as-true" argument

20  in his Opening Brief and because the ALJ failed to find the bases for reopening Plaintiff's child

21  disability insurance benefits claim under 20 C.F.R. § 404.988(c). Dkt. 20 at 2–5.

22       As stated above, based on the new evidence, the ALJ's evaluation of Dr. Eveillard's

23  opinion is no longer supported by substantial evidence. However, the Court agrees remanding

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 9

for further proceedings is the more appropriate remedy, though not for the reasons Defendant

posits.  In general, the Court has "ha[s] discretion to remand a case either for additional evidence

and findings or to award benefits."  *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996).  The

Court is also unconvinced by Defendant's argument that the ALJ's lack of findings under 20

C.F.R. § 404.988(c) necessitates further proceedings, because even if Plaintiff failed to establish

one of the required bases under the regulations, by assessing the merits of Plaintiff's 2015 claim,

the ALJ is deemed to have *de facto* reopened the claim.  *Lewis v. Apfel*, 236 F.3d 503, 510 (9th

Cir. 2001).

Instead, the Court finds remanding for further proceedings more appropriate because in

addition to the errors discussed above and the effect of the new evidence on the ALJ's

interpretation of the record, there are gaps the ALJ must resolve.  For example, Dr. Eveillard's

opinion regarding Plaintiff's absenteeism remains contradicted by the medical opinions of Dr.

Clune, Dr. Comrie, and Dr. Covell.  AR 122, 134, 676.  The Court cannot resolve this conflict.

*Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014) ("[W]e leave it to

the ALJ to determine credibility, resolve conflicts in the testimony, and resolve ambiguities in

the record.").

Further, the ALJ's application of the supportability and consistency factors under 20

C.F.R. §§ 404.1520c, 416.920c throughout the entire decision leaves open as to whether Plaintiff

is disabled, given that one of Plaintiff's applications was originally filed in 2015, and the

supportability and consistency factors are reserved for claims filed after March 27, 2017.  *See*

*Woods*, 32 F.4th at 789.  Such conflicts preclude the Court from moving to the third step of the

credit-as-true framework.  *Dominguez v. Colvin*, 808 F.3d 403, 409 (9th Cir. 2015) ("[T]he

district court must 'assess whether there are outstanding issues requiring resolution *before*

considering whether to hold that [the rejected evidence] is credible as a matter of law.'")

(quoting *Treichler*, 775 F.3d at 1105).

On remand, the ALJ shall reevaluate Plaintiff's testimony and the medical opinion evidence in light of the new evidence submitted by Plaintiff, using the appropriate regulations. The ALJ shall reevaluate all relevant steps of the disability evaluation process and conduct all proceedings necessary to reevaluate the disability determination in light of this Order.

**CONCLUSION**

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

DATED this 2nd day of August, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 11